**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **Criminal No. 4:26-CR-305-O** |
| | § | |
| **CELESTIAN KUASA KATUBADI,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ORDER**

Before the Court is Defendants' Motion to Continue (ECF No. 14). After reviewing the motion, the Court finds that the Motion should be **GRANTED**.

Pursuant to 18 U.S.C. §3161(h), a court can grant an "ends of justice" continuance at the request of a defendant or defendant's attorney if the court does so on the basis of the finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. One of the factors a court may consider in granting an "ends of justice" continuance is "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv).

Based on the reasons in the motion, the Court finds (1) that the ends of justice served by the granting of a trial continuance outweigh the best interests of the public and defendants in a speedy trial; (2) that the failure to grant a continuance in this case would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence; and (3) that

taking into account the exercise of due diligence by counsel, a continuance of the duration granted by this order is necessary for effective preparation by defense counsel.

Trial will begin at 9:00 am on December 7, 2026.

**SO ORDERED** on this **5th day** of **October, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE